C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

                Plaintiff,

        -against-

THE NEW YORK STATE OF TYRANNY,
OPPRESSION AND INAPPROPRIATE PROCEDURE;
THE MUNICIPALITY OF NEW YORK; THE MAYOR;
THE PROBATION DEPT.; P.O. BRISBANE;
THE FBI; NYC DOC AND COMMAND; THE
BOARD OF CORRECTIONS; MARTIN HORN; THE
UN SECURITY COUNCIL; THE STATE AND FEDERAL
DRUG ENFORCEMENT AGENCIES; FEDERAL JUDGE
JOHN GLEESON; OFFICER MALONE #31420; THE
GOVERNMENT,

                Defendants.
----------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

                Plaintiff,

        -against-

STATE OF NEW YORK, the MUNICIPALITY of NY;
THE EASTERN AND WESTERN DISTRICT COURTS;
JUDGE'S BLOOM AND GEEKSON; THE DEA
of DIVERSION CONTROL 8701 MORRISSETTE
DR. SPRINGFIELD VA 22151; THE DEA (NEW YORK);
SUSAN D. BAKER; THE NY STATE AND
WAGERING BOARD; KRISTEN BUCKLEY; THE
NY PROBATION DEPARTMENT,

                Defendants.
----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 22 2011
BROOKLYN OFFICE

**MEMORANDUM AND
ORDER TO SHOW
CAUSE**
11 CV 6128 (BMC)

11 CV 6132 (BMC)

COGAN, United States District Judge:

Plaintiff recently filed these two *pro se* actions. The Court grants plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and consolidates these actions, solely for the purpose of this Order. For the reasons discussed below, plaintiff's complaints are dismissed.

## BACKGROUND

Plaintiff has proven himself to be a persistent litigator. Including these actions, plaintiff has now filed 37 cases in this Court. Many of those actions have been dismissed as frivolous and/or for failure to state a claim and many of them are still currently pending.

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory. Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009)). A complaint must nevertheless plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).

2

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. And the Court is required to read the plaintiff's *pro se* complaints liberally and to interpret them as raising the strongest arguments they suggest. See Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

In the instant actions, plaintiff names Judge Gleeson and Judge Bloom solely for their role as the assigned Judges on his multitude of cases. See Gamez v. State of New York et al., 11 CV 6132, Compl. at pg 4; Gamez v. New York State of Tyranny et al., 11 CV 6128, Compl. at pg 4. But judges have absolute immunity for judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286 (1991); Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S. Ct. 1099 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11, 12-13, 112 S. Ct. 286 (internal quotation marks omitted).

Accordingly, to the extent that plaintiff seeks to bring suit against Judge Gleeson or Judge Bloom for money damages for any action taken within the scope of their jurisdiction and responsibilities as a District Judge and Magistrate Judge, they are entitled to absolute judicial immunity and the complaints must be dismissed against them. See 28 U.S.C. § 1915(e)(2)(B)(iii).

The remaining allegations contained within the two complaints are entirely frivolous and have been raised multiple times in plaintiff's prior actions. A "plaintiff[] has no right to maintain

3

two actions on the same subject in the same court, against the same defendant at the same time." Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000). Nor does this Court have to continue to expend judicial resources to hear claims that "describ[e] fantastic or delusional scenarios." Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728 (1992); see also Livingston, 141 F.3d at 437 (holding that claim based on indisputably meritless legal theory is frivolous). Plaintiff's allegations, even under the very liberal reading we accord *pro se* pleadings, easily qualify as frivolous under the standard described above. Because the complaints are devoid of any basis in law or fact, defects which cannot be cured by amendment, the complaints must be dismissed.

## ORDER TO SHOW CAUSE

Plaintiff's 37 lawsuits, most or all of them wholly without merit, have been a burden to the Court and a waste of judicial resources. A "civil name search" of filings in the United States Pacer case locator system indicated that plaintiff has filed at least 101 actions in various District Courts. And plaintiff has been barred from filing any complaints in the United States District Court for the Southern District of New York without first obtaining leave of Court. See Gamez v. State of New York et al., 06 Civ. 15260 (KMW) (S.D.N.Y. Mar. 11, 2008).

Judges in this District have repeatedly warned plaintiff about filing frivolous actions and abusing judicial resources to no avail. See Gamez v. The State of New York et al., 11 CV 3374 (BMC) (order dated July 18, 2011); Gamez v. U.S. District Court et al., 11 CV 4068 (KAM) (order dated September 6, 2011); Gamez v. State of N.Y. et al., 11 CV 4069 (JG) (order dated August 26, 2011); Gamez v. State of New York, 11 CV 4070 (JG) (order dated August 26, 2011). It is clear that plaintiff refuses to take the Court's prior warnings seriously, and continues to file frivolous claims. The Court has "the power and the obligation to protect the public and

the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (internal quotation marks and brackets omitted). And "[t]he issuance of a filing injunction is appropriate when a plaintiff abuses the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." Id. (internal quotation marks omitted); see also Malley v. N.Y.C. Bd. of Educ., 112 F.3d 69, 69 (2d Cir. 1997) (per curiam).

Accordingly, plaintiff is hereby **ORDERED TO SHOW CAUSE**, by written affirmation within 14 days of the date of this Order, why he should not be enjoined from filing any future actions in this District without the Court's permission. Failure to submit an affirmation shall result in the injunction being imposed. Entry of judgment in these actions shall be stayed for 14 days to afford plaintiff an opportunity to show cause.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962). The Clerk of the Court is directed to mail a copy of this Order to plaintiff *pro se*.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
December 22, 2011